QUESTION:
Are lands owned by private entitles and imposed with the following easements held by governmental entities:
 Perpetual Easements. These run for an unlimited period and do not contain provisions for termination at the option of the grantor. These are usually for rights-of-way and maintenance spoil areas;
 Temporary Easements. These generally expire on a stated date and are usually used for construction projects;
 Contingent Easements. These generally run for an indefinite period and expire upon achievement of certain conditions, i.e. spoil deposits reaching a specified average elevation; etc.;
 Revocable Easements. These generally run for an indefinite period but contain provisions whereby the grantor may revoke the easement;
 Substitutive Easements. These may run for an unlimited period but contain provisions whereby the grantor may provide substitute lands and thereby secure a release for those lands initially given in the easement;
 Easements which combine features of two or more of the above, with modified conditions set out therein;
`public lands' within the meaning of s. 253.03(9), F. S.?
SUMMARY:
Lands owned by private entities and imposed with various easements held by governmental entities are not `public lands' within the ambit of s. 253.03(9), F. S., so as to be eligible for deposit of dredged materials from sovereignty lands without payment for such materials. Such lands are simply privately owned lands subject to governmentally owned easements.
Section 253.03(9), supra, initially provides that the State of Florida is prohibited from levying any charges for dredged materials from sovereignty lands, except as enumerated, when the materials are dredged by or on behalf of the United States for federal navigation projects. Dredged materials to be placed on private lands or dredged materials placed on public lands which lands are sold or leased are subject to charges by the State of Florida. Section 253.03(9) provides in pertinent part with respect to `public lands' as follows:
 (a) No materials dredged from state-sovereignty tidal or submerged bottom lands by a public boby shall be deposited on private lands until:
 1. The United States Army Corps of Engineers shall first have certified that no public lands are available within a reasonable distance of the dredging site, and
 2. The public body shall have published notice of its intention to utilize certain private lands for the deposit of materials . . . and therein advised the general public of the opportunity to bid on the purchase of such materials for deposit on the purchaser's designated site, provided any such deposit shall be at no increased cost to the public body. . ..
 (b) When public lands on which are deposited materials dredged from state-sovereignty tidal or submerged bottom lands by the public body, are sold or leased for a period in excess of 20 years . . . 50 percent of any remuneration received shall forthwith be remitted to the Trustees of the Internal Improvement Trust Fund and the balance shall be retained by the public body owning the land.
 (c) Any materials which have been dredged from state-sovereignty tidal or submerged bottom lands by the public body and deposited on public lands may be removed by the public body to private lands or interests only after due advertisement for bids . . . . If no bid is received, the public body shall have the right to fully convey title to, and dispose of, any such material on its land, with no requirement of payment to the Trustees of the Internal Improvement Trust Fund. (Emphasis supplied.)
Thus, prior to depositing dredged materials from sovereignty lands on private lands, the Corps of Engineers must have first certified that no `public lands' are available and the sale of such materials must be submitted to bid, and when `public lands,' on which are deposited dredged materials, are to be leased or sold, half of the proceeds go to the Trustees of the Internal Improvement Trust Fund (Department of Natural Resources) and half to the public body owning the land. Furthermore, dredged materials deposited on `public lands' are to be sold pursuant to public bids if sold to private entities.
Ordinarily the term `public lands' means lands belonging to or in the ownership of the United States or individual states or governmental entities.
 The terms `public lands' and `public domain' are usually regarded in the United States as being synonymous. These terms are habitually used in this country to designate lands belonging to the United States or to individual states that are subject to sale or other disposal under the general laws. [26 Fla.Jur. Public Lands s. 2, p. 9; emphasis supplied.]
In my opinion the term `public lands' is employed similarly in s.253.03(9), supra, to mean lands actually belonging to or in the ownership of the State of Florida or some other governmental unit. This conclusion is especially compelling since s. 253.03(9) in certain instances requires payment for dredged materials from `public lands' to the `public body owning the land' and allows in certain instances waiver of payment by a public body for certain dredged material `on its land.'
The ownership of an easement in lands is entirely different and distinct from the ownership of the lands the subject of the easement. Easements give no title to the land on which they are imposed and confer no right to participate in the profits arising therefrom. 25 Am. Jur.2d Easements and Licenses s. 2, pp. 417-418.
 The essential elements or qualities of easements are: (1) they are incorporeal; (2) they are imposed upon corporeal property; (3) they confer no right to a participation in the profits arising from such property; (4) they are imposed for the benefit of corporeal property; (5) there must be two distinct tenements, the dominant, to which the right belongs, and the servient, upon which the burden lies.
 . . . Obviously, a person cannot have an easement in his own land, and it follows no easement exists so long as there is a unity of ownership of the involved properties. [11 Fla.Jur. Easements and Licenses s. 4, p. 224; emphasis supplied.]
Therefore, lands owned by private entities but which are subject to the various above-described easements are not `public lands' within the meaning of s. 253.03(9), F. S., because they are privately owned lands subject to governmentally owned easements. Indeed, any contrary construction of s. 253.03(9) would appear to defeat the legislative purpose of imposing charges for dredged materials taken from sovereignty lands when such materials are transferred to private ownership. Depositing such materials on private lands subject to a governmentally owned spoil easement would ordinarily transfer such materials to private ownership and therefore be subject to the statutory procedures for charges as specified in s. 253.03(9).
Prepared by: J. Kendrick Tucker Assistant Attorney General